UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>Plaintiff,<br><br>v.<br><br>EMERSON, et al.,<br><br>Defendants. | No. 2:17-cv-1454 AC P<br><br><br><br>ORDER |

I.     Introduction

Plaintiff is a state prisoner incarcerated at Mule Creek State Prison (MCSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915.

Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4. For the reasons that follow, the court dismisses the complaint without leave to amend due to plaintiff's failure to exhaust his administrative remedies before filing suit, and denies plaintiff's application to proceed in forma pauperis as moot.

////

////

1

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Nevertheless, because this action will be dismissed without leave to amend, plaintiff's request to proceed in forma pauperis will be denied as moot and plaintiff will not be required to pay the filing fee.

## III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

2

possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

IV. Screening of Plaintiff's Complaint

Plaintiff has filed fourteen pro se civil rights cases in the Eastern District since April 2017.[1] Three of these cases are assigned to the undersigned.[2]

In the instant complaint, plaintiff names 16 defendants and makes six putative claims under the Fourteenth Amendment's Equal Protection Clause, each premised on the alleged sexual harassment of plaintiff by various correctional officials; the sixth claim alleges a conspiracy among the defendants to harass plaintiff based on his sexual orientation. Plaintiff asserts that the defendants are homosexual and that plaintiff is "treated differently as a heterosexual." ECF No. 1 at 12. Plaintiff recounts several alleged incidents of inappropriate conduct by some of the named defendants during the period April 24, 2017 through May 18, 2017. These incidents include alleged verbal harassment, inappropriate sexual gestures and the sexually suggestive positioning and movement of inanimate objects.

Plaintiff concedes throughout his complaint that he did not exhaust his administrative remedies before commencing this action. See, e.g., ECF No. 1 at 6, 9-11 (explaining that "Plaintiff did not receive a first level response within 30 working days or any response as of yet to respond to."); id. at 8 ("Appeal time limits has exceeded with no first level response within 30 working days to respond to."). Plaintiff notes that he has filed a separate action challenging the processing of his administrative appeals. Id. at 12 (citing Patrick v. Altshuler et al., Case No.

////

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Plaintiff's other cases assigned to the undersigned are Patrick v. Johnston et al., Case No. 2:17-cv-0845 AC P, and Patrick v. Altshuler at al., Case No. 2:17-cv-1046 AC P.

2:17-cv-01046 AC P (also before the undersigned and screened concurrently with the instant case).

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a prerequisite to commencing a federal civil rights action. "The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

Nevertheless, the Supreme Court has made clear that "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). The Supreme Court has identified only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 136 S. Ct. at 1859. These circumstances are as follows: (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Id. at 1856-57.

As a general rule, the dismissal of a prisoner civil rights complaint for failure to exhaust

4

administrative remedies must be brought pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. at 1166 (authorizing motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); see also Jones v. Bock, 549 U.S. 199, 215 (2007) (sua sponte dismissal appropriate when an affirmative defense appears on the face of the complaint). If a court concludes that a prisoner failed to exhaust his available administrative remedies, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).[3] "Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these Congressional objectives[.]" McKinney v. Carey, 311 F.3d 1198, 120-01 (9th Cir. 2002) (per curiam).

In the present case, plaintiff complains that prison officials failed to respond to his grievances at the First Level. See ECF No. 1 at 6, 9-11. CDCR regulations provide that "First level responses shall be completed within 30 working days from date of receipt by the appeals coordinator" "unless exempted pursuant to the provisions of subsections 3084.8(f) [authorizing inmates to submit only one appeal every 14 days] and (g) [authorizing restriction of an inmate's access to the appeal system 'upon confirmation of continued abuse']." Cal. Code Regs. tit. 15, §3084.8(c)(1). Based on a review of this case and plaintiff's other cases pending before the undersigned, it appears that plaintiff's access to the grievance process may have been limited in response to his abuse of the system. See Patrick v. Altshuler et al., Case No. 2:17-cv-01046 AC P. Plaintiff does not contend otherwise, and thus cannot reasonably assert that administrative remedies were effectively unavailable to him when he commenced this action.

---

[3] See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, supra, 747 F.3d at 1166 (invalidating Wyatt's authorization of an unenumerated Rule 12(b) motion as the vehicle for defendants to assert a nonexhaustion defense); accord, Lucas v. Director of Dept. of Corrections, 2015 WL 1014037, at *4, 2015 U.S. Dist. LEXIS 27957, at *9 (E.D. Cal. Mar. 5, 2015) (Case No. 2:14-cv-0590 DAD P) ("[P]laintiff's attempt to initiate federal litigation prior to his full administrative exhaustion requires dismissal of this civil action without prejudice to plaintiff's bringing of his now exhausted claims in a new civil action") (citations omitted).

For these reasons, the court finds it evident on the face of the complaint that plaintiff failed to administratively exhaust any of his putative claims before bringing this action. Therefore, this action will be dismissed without prejudice.

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice due to plaintiff's concession on the face of his complaint that he failed to exhaust his administrative remedies before filing suit.

2. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is denied as moot.

3. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: October 6, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE